THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GALVESTON, TEXAS OIL WELL     )
PLATFORM DISASTER LITIGATION        )     DOCKET NO. 63

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN*, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation arises from an explosion and fire which occurred on an offshore oil well platform situated on the outer continental shelf approximately ten to twelve miles from Galveston, Texas. As a result of the explosion and ensuing fire, nine men were killed and several were injured. The oil well platform was severely damaged and a charter vessel used to carry men and equipment from shore to the platform, the *Carryback*, was badly burned. This litigation includes claims for death and injury, for damages to the platform, damages to the *Carryback* and for indemnification and subrogation rights as among the four principal defendants.[1]

---

* Judges Murrah and Lord were unable to attend the hearing but with the consent of all parties they have participated in this decision on the basis of the transcript of the hearing and the pleadings filed in this matter.

[1] The major defendants in this litigation are Chambers & Kennedy, the owners and operators of the oil platform; Drilling Engineering, Inc., the contract engineer in charge of the repairs being made to the platform at the time of the explosion; Chapman Contracting Service Company, Inc., the contractors supplying labor for accomplishing these repairs; and Dearborn Marine Service, Inc., the owner and/or operator of the *Carryback*. Although some of these defendants have instituted actions or third-party actions against one or more of the defendants, they will generally be referred to as "defendants" for the purpose of this opinion.

This litigation presently encompasses nine actions, four in the Southern District of Texas and five in the Western District of Louisiana.[2/]

On December 16, 1970, an order to show cause was entered directing the parties to show cause why these actions should not be transferred to another district for coordinated or consolidated pretrial proceedings and a hearing was held in San Francisco on January 22, 1971 to consider the transfer of any or all of these cases under Section 1407. The parties positions relative to transfer is very clear. All four defendants support transfer of the Louisiana cases to the Southern District of Texas, preferably to the Galveston Division. The plaintiffs all oppose transfer of their cases to another district.

As is so often the case in common disaster litigation where there are multiple defendants, each plaintiff sees his case as a simple one involving limited discovery and a short trial while the defendants contemplate extended discovery and a longer trial. For this reason, it is not surprising that several of the plaintiffs counsel claim they are nearly ready for trial while the defendants contend that substantial discovery remains to be completed.

---

[2/] Three of these actions were originally brought in the Eastern District of Louisiana but were transferred under Section 1404(a) to the Western District of Louisiana and another action, which was pending in the Western District of Louisiana when the order to show cause was first issued, *Drilling Engineering, Inc. v. Chambers & Kennedy*, was subsequently remanded to state court and is no longer before the Panel.

If the *Louisiana Plaintiffs* are or soon will be ready for trial, it is unlikely that the transfer of the *Louisiana Cases* to the Southern District of Texas would substantially benefit any of the parties. The *Louisiana Plaintiffs* contend that their discovery is virtually complete and they certainly would not benefit from such a transfer. While not necessarily opposing transfer of the *Louisiana Cases*, none of the *Texas Plaintiffs* claim that transfer of these cases would be beneficial to them.[3]

Only the defendants favor transfer of the *Louisiana Cases* and they urge that the continuation of pretrial procedures without consolidation in all cases "will impose heavy and unnecessary burdens in time and expense on the parties and their counsel."[4] However, it seems that the bulk of the remaining discovery relates primarily to the *intra-defendant litigation*, all of which is now pending in the Southern District of Texas.[5]

Although it is undoubtedly true the transfer of these cases under Section 1407 would serve the convenience of the four

---

[3] Counsel for the only Texas plaintiffs responding to the show cause order asserted that his case would be completed in the near future if it was "not involved in any Multi-district Litigation" (Response of Esther Marie Love, p. 2)
[4] Response of Chapman Contracting Service Company, Inc., p. 3.
[5] The defendants are, of course, free to move for transfer and consolidation of the Texas cases under 28 U.S.C. §1404(b) and Rule 42(a), F.R.Civ.P. See generally, *Manual for Complex and Multidistrict Litigation*, Section 5.2.

- 4 -

defendants, this factor does not here outweigh the inconvenience which transfer to the Southern District of Texas would impose on the *Louisiana Plaintiffs*. Under these circumstances, and in view of the limited size of this litigation, we decline to order transfer under Section 1407.

TRANSFER DENIED.

DOCKET NO. 63                                    SCHEDULE A

### SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In the Matter of the Complaint of Dearborn Marine Service, Inc., C-W-D, Inc. and Thoroughbred Marine Service, Inc. for Exoneration From or Limitation of Liability of the Oil Screw "Carryback" | Civil Action No. 70-G-113 |
| Chambers & Kennedy v. Drilling Engineering, Inc., et al. | Civil Action No. 70-H-713 |
| Webster Barnwell Armstrong, III, etc. v. Chambers & Kennedy, et al. | Civil Action No. 70-H-1171 |
| Lucille Monk, et al. v. Chambers & Kennedy, et al. | Civil Action No. 71-G-3 |

### WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Roy Melancon v. Drilling Engineering, Inc., et al. | Civil Action No. 16404 |
| Ilaine B. Campbell, etc. v. Drilling Engineering, Inc., et al. | Civil Action No. 16405 |
| Joyce C. Nunez, etc. v. Drilling Engineering, Inc., et al. | Civil Action No. 16406 |
| Clemille Credeur & Beulah Hardin v. Travelers Insurance Company, et al. | Civil Action No. 15878 |
| Leo Meaux, etc. v. Chapman Contracting Service Co., Inc., et al. | Civil Action No. 16305 |